# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LOCAL INITIATIVE HEALTH AUTHORITY FOR LOS ANGELES COUNTY, d/b/a L.A. CARE HEALTH PLAN,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 17-1542C<br>(Judge Wheeler) |

## JOINT STIPULATION FOR ENTRY OF PARTIAL FINAL JUDGMENT

To partially resolve the complaint of Plaintiff Local Initiative Health Authority for Los Angeles County, d/b/a L.A. Care Health Plan, and to permit the entry of partial final judgment on that complaint, Plaintiff and the United States stipulate as follows:

1. Section 1402 of the Patient Protection and Affordable Care Act (ACA) established the cost-sharing reduction (CSR) program to lower the cost of health coverage offered for eligible insureds. 42 U.S.C. § 18071.

2. Plaintiff filed this action against the United States asserting, among others, claims under the ACA and for breach of implied contract seeking recovery of unpaid CSR payments. Dkt. 1.[1]

3. On February 14, 2019, the Court issued an order granting partial summary judgment in Plaintiff's favor. Dkt. 32. The Court ruled that the United States violated the express terms of the ACA and breached an implied contract with Plaintiff to make CSR payments in 2017 and 2018.

---

[1] Plaintiff later amended its complaint in March 2019, updating the CSR damages sought based on then-available data. Dkt. 35 (the "Amended Complaint").

4. On August 2, 2019, the parties filed a joint status report stating their agreement that the United States owes Plaintiff $554,424.78 in unpaid CSR damages for 2017. Dkt. 36 at 1. In the 2019 joint status report, "Defendant's stipulation as to quantum [was] made without waiving its right to appeal any judgment in this case, and without waiving its argument that any damages should be reduced in light of the increased tax credits Plaintiff received as a result of the cessation of cost-sharing payments." *Id.* at 2.

5. On November 18, 2019, the Court granted in part Plaintiff's motion for partial summary judgment and entry of judgment under Rule 54 of the Court's Rules. Dkt. 46. The Court acknowledged the United States' agreement to the 2017 damage amount and the United States' statement that it "would not oppose" entry of judgment "if L.A. Care narrowed its request to 2017 through 2018". *Id.* The Court entered judgment in Plaintiff's favor for 2017-2018 in the amount of $17,798,929.13, which included the $554,424.78 in unpaid CSR damages for 2017. *Id.*

6. The United States appealed the Court's partial judgment for 2017 and 2018 CSR damages. Due to appeals previously filed in similar CSR cases, on February 14, 2020, the U.S. Court of Appeals for the Federal Circuit stayed the United States' appeal pending decisions in those cases. *See* Fed. Cir. Case No. 20-1393, Order (filed Feb. 14, 2020).

7. On August 14, 2020, the Federal Circuit issued decisions in *Sanford Health Plan v. United States*, 969 F.3d 1370 (Fed. Cir. 2020) and *Cmty. Health Choice, Inc. v. United States*, 970 F.3d 1364 (Fed. Cir. 2020). The court of appeals held that "the government violated its obligation to make cost-sharing reduction payments [to insurers] under section 1402; 'that the cost-sharing-reduction reimbursement provision imposes an unambiguous obligation on the government to pay money[;] and that the obligation is enforceable through a damages action in

the [Claims Court] under the Tucker Act.'" *Cmty. Health Choice*, 970 F.3d at 1371 (quoting *Sanford Health Plan*, 969 F.3d at 1373). The court of appeals further determined that there was "no basis for a 2017 damages offset." *Id*. at 1372. The Supreme Court denied further review of these rulings.

8. On February 18, 2022, Plaintiff and the United States jointly moved in the Federal Circuit for an order "remand[ing] the 2017 CSR claims to enable the U.S. Court of Federal Claims to enter partial final judgment on Plaintiff'-Appellee's 2017 CSR claims and damages." In their motion, the parties stated that the United States "will stipulate to liability and damages for Plaintiffs' 2017 CSR claims and entry of partial final judgment on the 2017 CSR judgment previously entered on November 19, 2019."

9. On March 4, 2022, the Federal Circuit granted the parties' joint remand motion and remanded the case to this Court "for limited proceedings consistent with this order and the parties' agreement."

10. Plaintiff and the United States agree that the Federal Circuit's rulings in *Community Health Choice* and *Sanford* entitle Plaintiff to payment under section 1402 of the ACA in the amount of $554,424.78 (the Stipulated Amount) for unpaid CSR payments through December 31, 2017.

11. Accordingly, and pursuant to the Federal Circuit's order, the parties jointly request that the Court enter partial final judgment in favor of Plaintiff in the amount of $554,424.78 on Count V of Plaintiff's Amended Complaint (Dkt. 35) as it relates to CSR payments the United States owes Plaintiff through December 31, 2017, with each party to bear its own costs, attorney fees, and expenses.

12.     The parties further request that the Court partially dismiss Count VI of the Amended Complaint as it relates to Plaintiffs' claim for CSR payments through December 31, 2017 only, with prejudice. Plaintiffs' CSR claims in Counts V and VI for benefit years 2018 and beyond shall not be dismissed.

13.     Upon entry of partial final judgment in the Stipulated Amount, Plaintiff Local Initiative Health Authority for Los Angeles County, d/b/a L.A. Care Health Plan (HIOS No. 92815), and any and all of its affiliated entities, releases the United States, its agencies, instrumentalities, officers, agents, employees, and servants, from all claims (including attorney fees, costs, and expenses of every kind and however denominated) that they have asserted, could have asserted, or may assert in the future against the United States, its agencies, instrumentalities, officers, agents, employees, and servants, relating to unpaid CSR payments owed to Plaintiffs by the Government through December 31, 2017.

| | |
|---|---|
| Dated: April 28, 2022 | Respectfully submitted, |
| | BRYAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| /s/ Lawrence S. Sher<br>Lawrence S. Sher (D.C. Bar No. 430469)<br>REED SMITH LLP<br>1301 K Street NW<br>Suite 1000-East Tower<br>Washington, DC 20005<br>Telephone: 202.414.9200<br>Facsimile: 202.414.9299<br>Email: lsher@reedsmith.com | PATRICIA M. McCARTHY.<br>Director<br><br>/s/ Claudia Burke<br>CLAUDIA BURKE<br>Assistant Director |
| Of Counsel: | |
| Gregory Vose (PA Bar No. 324912)<br>REED SMITH LLP<br>Reed Smith Centre<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222<br>Telephone: 412.288.3131<br>Facsimile: 412.288.3063<br>Email: gvose@reedsmith.com | /s/ David M. Kerr<br>DAVID M. KERR<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone:   (202) 307-3390<br>Email:         David.M.Kerr@usdoj.gov |
| *Attorneys for Plaintiffs* | OF COUNSEL:<br><br>ALBERT S. IAROSSI<br>Trial Attorney<br>Civil Division<br>U.S. Department of Justice<br><br>*Attorneys for Defendant* |